Being unable to agree with the majority opinion, I respectfully dissent.
On October 21, 1992, at around 11:00 p.m., defendant and Gay Barnes, defendant's wife, were arguing about an incident that happened the prior May when defendant was incarcerated. Contemplating divorce, Gay had dated another man while defendant was confined. The argument surrounding the incident became physical, and defendant hit Gay with his fists, choked her, and smashed her head against the floor. Defendant continued to beat Gay throughout the night and into the next morning, rendering Gay unable to see because her eyes were swollen shut. Defendant dragged Gay into the bedroom, taunting her about the affair.
Defendant would not let Gay get next to the window for fear that she would jump out of the window; she had done so previously during an attack, causing her to break her back. Once in the bedroom, defendant told Gay, "[t]ake my dick and put it in my mouth your mouth like you put his in your mouth." (Tr. 134.) Defendant also asked to engage in sexual intercourse with Gay one last time. Out of fear of further beating, she complied. Defendant then left the apartment and called an ambulance from a pay phone.
A "sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Felonious assault constitutes a "sexually oriented offense" when committed "with a purpose to gratify the sexual needs or desires of the offender." R.C. 2950.01(D)(3). Whether felonious assault was committed with a purpose to gratify the sexual desires of the offender is a question of fact resting upon the unique facts and circumstances of each case. State v. Slade (Dec. 28, 1999), Franklin App. No. 98AP-1618, unreported.
In Slade, this court determined the felonious assault there was a sexually oriented offense because it was committed in order to dominate or control the victim's sexual behavior, and thus was committed with a purpose to gratify the defendant's sexual desires. The court's decision was premised, in part, on defendant's enticing the victim to come to his home. Once the victim arrived, defendant was concerned solely with sexual matters, stating that he would not allow the victim to date or sleep with other men. Defendant's attack began after the victim expressed that she no longer cared for defendant. Defendant continued to assault the victim, eventually requesting sexual intercourse. When the victim refused, defendant continued to beat her until she succumbed to defendant's demand. See, also, State v. Gilman (Mar. 2, 1998), Warren App. No. CA97-05-041, unreported (holding that felonious assault constituted a sexually oriented offense because "appellee committed the felonious assault offense in this case by brutally beating his wife for the purpose of compelling her to submit to sexual intercourse").
Similarly, defendant here entered into an argument with his wife because he sought to control her sexual behavior: He was jealous that in contemplation of divorce she had had an affair while he was incarcerated. Defendant's concern for sexual matters was apparent from the beginning of the altercation, as defendant's desire to prevent Gay from seeing other men prompted the beating. Defendant's attack continued to hinge on sexual concerns as he beat her until she could no longer see, dragged her to the bedroom, prevented her escape, and forced her to perform fellatio on him. Having beaten her into submission, defendant engaged in what he claimed was consensual sexual intercourse, but which Gay submitted to for fear she would be beaten again. With that evidence, the trial court properly could determine defendant's felonious assault, as in Slade, was for the purpose of sexual gratification. Defendant thus committed a sexually oriented offense.
Because defendant committed a sexually oriented offense, the trial court properly could consider whether defendant is a sexual predator. The evidence before the trial court showed defendant to have a significant history of violent criminal behavior, including considerable domestic violence. The cruelty defendant displayed in the offense at issue is overwhelming: the victim's eyes were beaten so badly she could not see. Given the pattern of domestic violence not only with this victim, but with other women, the cruelty involved in the offense at issue and defendant's significant criminal history, the court had sufficient evidence under the factors set forth in R.C. 2950.09(B) to find by clear and convincing evidence that defendant is a sexual predator. Because the trial court's judgment is supported by the requisite evidence, I would affirm the trial court's judgment.